UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                               Chapter 7

DAVID GOLDMAN,                      Case No.: 11-11371 (SHL)

            Debtor.
---------------------------------------------------------x

**CONSENT ORDER APPROVING STIPULATION (1) AUTHORIZING TRUSTEE TO: (A) ASSUME AND ASSIGN ANY AND ALL OF THE ESTATE'S RIGHTS IN A LEASE FOR 420 RIVERSIDE DRIVE, UNIT GE, NEW YORK, NEW YORK 10025; (B) SELL ANY AND ALL OF THE ESTATE'S RIGHTS AND INTERESTS IN A LEASE FOR 420 RIVERSIDE DRIVE, UNIT GE, NEW YORK, NEW YORK 10025; AND (2) GRANTING RELATED RELIEF**

Upon consideration of the motion, dated June 28, 2011 (the "Motion"), of Salvatore LaMonica, Esq. (the "Trustee"), the chapter 7 trustee of the estate of David Goldman (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order: (I) approving the stipulation (the "Stipulation") between the Trustee and James Development (the "Landlord"): (A) authorizing the Trustee to assume and assign any and all of the estate's rights in a lease (the "Lease") for 420 Riverside Drive, Unit GE, New York, New York 10025 (the "Premises") to the Landlord; (B) sell any and all of the estate's rights and interests in the Lease for the Premises to the Landlord; and (II) granting related relief; and upon the Objections of the Debtor to the Motion dated July 14, 2011 (the "Objection"); and upon the Reply of the Trustee to the Objection dated July 21, 2011; and a hearing on the Motion having been held before this Court on July 25, 2011 (the "Hearing"); and the Court having considered the Motion and any pleadings filed in this case in connection with or in response to the Motion; and due and sufficient notice of the Motion appearing to have been given pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and good and sufficient cause for granting the Motion appearing to exist; the Court hereby finds and concludes that:

    A.    Proper, timely, adequate and sufficient notice of the Motion and the Hearing was provided in accordance with sections 102, 363(b) and (f) of the Bankruptcy Code

        and Bankruptcy Rules 2002, 4001 and 6004, which notice adequately described the nature of the relief requested in the Motion and the Stipulation;

B.     A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities;

C.     The estate has succeeded to any and all of the Debtor's rights and interests in or relating to the Lease; and

D.     The legal and factual bases set forth in the Motion and on the record at the Hearing establish that: (i) the Stipulation is fair, reasonable and in the best interests of the Debtor's estate and its creditors; (ii) the assumption, assignment and sale of the Lease to the Landlord for the sum of sixty thousand dollars ($60,000.00) (the "Purchase Price") maximizes the value of the Lease and is fair, reasonable and in the best interests of the Debtor's estate and its creditors; and (iii) the Trustee has advanced sound business justification for seeking to assume, assign and sell the Lease to the Landlord, and such sale is a reasonable exercise of the Trustee's business judgment.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that the Motion is granted to the extent set forth herein, the terms of the Stipulation, which is annexed as Exhibit "A", are hereby approved and incorporated into this Order except as provided for herein and at the Hearing, and the Trustee is authorized to perform in accordance with the terms thereof, as well as with the terms of this Order; and, it is further

**ORDERED** that the Trustee is authorized to assume and assign the estate's rights in and to the Lease for the Premises to the Landlord; and, it is further

**ORDERED** that the Trustee is authorized to sell any and all of the estate's rights in and to the Lease for the Premises to the Landlord; and, it is further

**ORDERED**, that the Debtor is directed to vacate the Premises on or before May 31, 2012 (the "Vacate Date"); and, it is further

**ORDERED**, that possession of the Premises is awarded to the Trustee, provided, however, that the eviction of the Debtor is stayed until the Vacate Date; and, it is further

**ORDERED**, that the Debtor shall not be required to pay any monthly rent to the Landlord from the date of this Order through the Vacate Date, <u>provided</u> that the Debtor's vacatur is voluntary, timely and not as a result of enforcement of this Order by way of eviction; and, it is further

**ORDERED**, that pursuant to 11 U.S.C. §§ 105(a), 363, 542(a) and 521(a)(3) and (4), and 704, the Debtor is directed to vacate and surrender possession of the Premises to the Trustee by the Vacate Date; and, it is further

**ORDERED**, that in the event that the Debtor fails to vacate and surrender possession of the Premises to the Trustee by the Vacate Date, then the Trustee is authorized, under the supervision and with the assistance of the United States Marshals Service, to take all steps necessary to take possession of the Premises, including breaking open and entering said Premises and evicting all persons located within said premises and, in that event: (a) any all costs and fees associated with such action shall ultimately be the sole liability of the Debtor; (b) anyone interfering with the execution of this Order shall be subject to arrest by the United States Marshals Service and/or its representative; (c) the Trustee will account for all property seized pursuant to this Order, will compile a written inventory of such property and will provide a copy of the written inventory to the United States Marshals Service, which shall include such copy with its return to the Court; and (d) the Trustee shall act as substitute custodian of any and all property seized pursuant to this Order and shall hold harmless the United States Marshals Service and its employees from any and all claims asserted in any court or tribunal arising from any acts, incidents or occurrences in connection with the seizure and possession of the property, including any third-party claims; and, it is further

**ORDERED** that, upon the vacatur of the Premises by the Debtor, the Trustee is authorized to pay to the Debtor the sum of $5,000.00 from the Purchase Price, <u>provided</u> that the

Debtor's vacatur is voluntary, timely and not as a result of enforcement of this Order by way of eviction; and, it is further

**ORDERED** that, upon the vacatur of the Premises by the Debtor, the Landlord shall pay to the Debtor his security deposit in the amount of $1,296.96, <u>provided</u> that the Debtor's vacatur is voluntary, timely and not as a result of enforcement of this Order by way of eviction; and, it is further

**ORDERED**, that if the Debtor voluntarily vacates the Premises prior to the Vacate Date, the Landlord shall pay to the Debtor a sum equal to the balance of any monthly rent due through the Vacate Date for which the Debtor would have otherwise received a forbearance, *e.g.*, if the Debtor voluntarily vacates the Premises on or before April 15, 2012, the Landlord shall pay to the Debtor one-half the rent that would have been due for April 2012 and the rent that would have been due for May 2012, *i.e.,* $1,945.44 ($648.48 ($1,296.96/2) plus $1,296.96); and, it is further

**ORDERED**, that the Debtor agrees to permit access to the Premises to the Landlord upon reasonable notice by the Landlord to the Debtor; and, it is further

**ORDERED** that within three (3) days of entry of this Order, the Trustee will serve notice of its entry upon the Debtor and the Landlord; and, it is further

**ORDERED** that this Court shall retain jurisdiction over any and all disputes arising under or otherwise related to the terms of this Order and the Stipulation; and, it is further

**ORDERED** that the Trustee is authorized and empowered to take all steps necessary to assume, assign and sell the Lease for the Premises to the Landlord, including, but not limited to, signing all documents reasonably requested by Landlord concerning such assignment and/or sale, and expending such funds as may be reasonably necessary to effectuate and implement the terms and conditions of this Order.

**AGREED AND CONSENTED TO BY:**

                         **LaMONICA HERBST & MANISCALCO, LLP**
                         Counsel to the Chapter 7 Trustee

By:   *s/ Gary F. Herbst*
        Gary F. Herbst, Esq.
        3305 Jerusalem Avenue
        Wantagh, New York 11793

        **KUCKER & BRUH, LLP**
        Counsel to the Landlord

By:   *s/ Saul D. Bruh*
        Saul D. Bruh, Esq.
        747 Third Avenue
        New York, New York 10017

        **KEVIN COSTELLO, ESQ.**
        Counsel for the Debtor

By:   *s/ Kevin Costello*
        Kevin Costello, Esq.
        43-31 194th Street
        Flushing, New York 11358

        **DEBTOR**

        *s/ David Goldman*
        David Goldman

Dated: **August 4, 2011**
New York, New York

        */s/ Sean H. Lane*
        Hon. Sean H. Lane
        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re                                                        :
                                                             :   Chapter 7
                                                             :
DAVID GOLDMAN,                                               :
                                                             :   Case No: 11-11371-SHL
                Debtor.                                      :
                                                             :
------------------------------------------------------------- x

**STIPULATION AUTHORIZING TRUSTEE TO: (A) ASSUME AND ASSIGN ANY AND ALL OF THE ESTATE'S RIGHTS IN A LEASE FOR 420 RIVERSIDE DRIVE, APARTMENT GE, NEW YORK, NEW YORK 10025; (B) SELL ANY AND ALL OF THE ESTATE'S RIGHTS AND INTERESTS IN OR RELATING TO SUCH LEASE TO THE LANDLORD**

Salvatore LaMonica (the "Trustee"), as chapter 7 trustee for the estate (the "Estate") of David Goldman, the debtor in the above-captioned case (the "Debtor"), and James Development, the landlord for the Premises (as defined below) (the "Landlord"), by their respective counsel, hereby stipulate as follows:

WHEREAS, on March 29, 2011 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, as of the Filing Date, the Debtor was a party to a rent stabilized lease (the "Lease") for an apartment located at 420 Riverside Drive, Apartment GE, New York, New York 10025 (the "Premises"); and

WHEREAS, pursuant to a Stipulation dated May 24, 2011, the Trustee and the Landlord agreed to extend the Trustee's time to assume or reject the Lease to June 29, 2011; and

WHEREAS, based on good faith negotiations, the Trustee and the Landlord have reached an agreement regarding the Trustee's assumption, assignment and sale to the Landlord of all of the estate's rights and interests in the Lease on the explicit condition that the Trustee would

deliver to the Landlord vacant possession of the Premises unencumbered by any claim of right to occupancy, possession or tenancy by anyone including, but not limited to, the Debtor.

IT IS HEREBY STIPULATED AND AGREED that:

1. Upon execution of this Stipulation, Landlord shall escrow with the Trustee the sum of sixty thousand dollars ($60,000.00) (the "Purchase Price") by certified check, bank check or attorney's escrow check payable to "Salvatore LaMonica, as Trustee." The Purchase Price shall be held in escrow by the Trustee pending the Bankruptcy Court's approval of this Stipulation and delivery to the Landlord of vacant possession of the Premises unencumbered by any claim of right to occupancy, possession or tenancy by anyone including but not limited to the Debtor. In exchange for the Purchase Price and other, valuable consideration, the Trustee shall assume, assign and sell to the Landlord any and all of the estate's rights and/or interests in the Lease, any security deposit and delivery to the Landlord of vacant possession of the Premises unencumbered by any claim of right to occupancy, possession or tenancy by anyone including but not limited to the Debtor. .

2. Within seven (7) days of execution of this Stipulation by the Parties, the Trustee shall file a motion seeking the entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation and granting related relief (the "Motion"), and shall seek a prompt return date on the Motion.

3. The Bankruptcy Court shall have exclusive jurisdiction and venue regarding any dispute arising under or relating to this Stipulation.

4. Upon entry of the Approval Order the Trustee shall take all steps necessary to effect the delivery to the Landlord of vacant possession of the Premises unencumbered by any claim of right to occupancy, possession or tenancy by anyone including, but not limited to, the

Debtor. Should the Debtor refuse to voluntarily permanently vacate the Premises, the Trustee agrees to seek permission and approval of the Bankruptcy Court to utilize the United States Marshall service to obtain vacant possession of the Premises unencumbered by any claim of right to occupancy, possession or tenancy by anyone including, but not limited to, the Debtor. In the event that the Trustee, after good faith efforts, is unable to deliver to the Landlord vacant possession of the Premises unencumbered by any claim of right to occupancy, possession or tenancy by anyone including but not limited to the Debtor then the Trustee shall immediately release the escrowed funds of $60,000 back to the Landlord and shall thereafter reject the lease to the Premises at the earliest opportunity. Notwithstanding the provisions of paragraph 4. the Landlord may demand the return of the escrowed funds upon the denial of the motion to approve this stipulation or any such judicial disapproval by serving the counsel to the Trustee with a seven (7) day demand by email and regular mail for return of escrowed funds.

5. This Stipulation constitutes the entire agreement of the Trustee and Landlord and supersedes any and all prior understandings or agreements.

6. This Stipulation shall be governed by the United States Bankruptcy Code and the internal laws of the State of New York, without regard to any conflict of law provision that could require the application of the law of any other jurisdiction.

7. By signing below, each signatory represents that he or she is authorized to bind his or her respective client.

8. This Stipulation may be signed by facsimile and in counterpart originals with the same force and affect as if fully and simultaneously signed on a single original document.

Dated: June 17, 2011  
Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**  
Counsel to the Trustee

By: *Gary F. Herbst* /s/  
Gary F. Herbst, Esq.  
3305 Jerusalem Avenue  
Wantagh, New York 11793  
(516) 826-6500

Dated: June 21, 2011  
New York, New York

**KUCKER & BRUH, LLP**  
Counsel to the Landlord

By: *Saul D. Bruh* /s/  
Saul D. Bruh, Esq.  
747 Third Avenue  
New York, New York 10017  
(212) 869-5030

IT IS SO ORDERED this ___ day of _____ 2011

_____  
Honorable Sean H. Lane  
Unites States Bankruptcy Judge